## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60674

GLENN ALLEN ADAIR, doing business as Super D #229; DALLAS
LITTLE, doing business as Little's Pharmacy; SOUTHERN
DISCOUNT DRUGS OF CHARLESTON, doing business as Southern
Discount Drugs/Robert T Salmon; MAY'S PHARMACY, doing
business as Coldwater Pharmacy/James A May; ANIMAL MEDICAL
CENTER OF ELLISVILLE, INC; ET AL

Plaintiffs - Appellees

v.

LEASE PARTNERS, INC; BANCORPSOUTH BANK

Defendants - Appellants

FIRST BANK RICHMOND, S B, doing business as First Federal
Leasing and Interstate Financial

Appellant

Appeal from the United States District Court for the
Southern District of Mississippi

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from the district court order remanding this case to state
court. The Federal Deposit Insurance Corporation ("FDIC") – an intervening
Defendant – had removed the case to federal court but was later dismissed as a
party. The district court held that once the FDIC was dismissed, only

supplemental jurisdiction remained over Appellees' remaining claims. The court subsequently exercised its claimed discretion to remand the case. We reverse.

I.

This case is a collection of claims brought by many individual pharmacies, pharmacists, veterinarians and veterinary clinics ("Plaintiffs") against individual salesmen and different financial institutions ("Defendants"). Plaintiffs filed the case in 1996 in Mississippi state court, alleging state law fraud, negligence, breach of contract, and usury claims. Plaintiffs allege that Defendants participated in a Ponzi scheme in which Defendants leased Recomm electronic advertising banners to Plaintiffs, fraudulently misrepresented their identity as lessors, and charged usurious interest rates on the finance charges.

After more than eleven years of litigation, the FDIC entered the case in 2007 as a receiver for a successor bank to one of the original Defendants.[1] The FDIC timely removed the case to federal district court pursuant to 12 U.S.C. § 1819(b)(2). In 2008 Plaintiffs filed a motion to dismiss all claims against the FDIC. Plaintiffs also filed a motion to remand the case to state court. The FDIC joined in Plaintiffs' motion to dismiss but not in their motion to remand.

The district court granted both of Plaintiffs' motions. With the FDIC no longer a party, the court held that no original federal jurisdiction remained over Plaintiffs' remaining claims and that it retained only supplemental jurisdiction over the remaining claims. As the court saw no reason to continue exercising jurisdiction over a case composed of what it saw as predominantly state claims, the court stated that it would exercise its discretion to remand the case to state court.

Defendants appeal the district court's remand order.

_____

[1] By this time, the case had gone from state court to federal court and was once again in state court.

II.

An order remanding a case to state court is typically not reviewable on appeal.[2] However, this court has jurisdiction over a remand order where the district court based its decision on an affirmative exercise of discretion rather than on a finding of lack of jurisdiction. *See Regan v. Starcraft Marine, LLC.*[3] A district court's remand order is final for appeal purposes. *Quackenbush v. Allstate Ins. Co.*[4]

Whether a district court has the discretion to remand a case to state court is a legal question this court reviews de novo. *See Poche v. Tex. Air Corps, Inc.*[5] If the district court has the discretion to remand a case, this court reviews its decision for abuse of discretion.[6]

III.

None of the parties disputes that the district court had jurisdiction over the case at the time of remand. The issue is whether the court was obligated to retain jurisdiction and hear the case or whether it had discretion to remand. To answer this question, we must determine what kind of jurisdiction existed at the time of remand. *See Buchner v. FDIC.*[7]

When the federal court has original subject-matter jurisdiction over a claim, that jurisdiction is "not discretionary with the district court" and "can

---

[2] *See* 28 U.S.C. § 1447(d).

[3] 524 F.3d 627, 631 (5th Cir. 2008).

[4] 517 U.S. 706, 715, 116 S. Ct. 1712, 1720 (1996).

[5] 549 F.3d 999, 1001 (5th Cir. 2008) (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)).

[6] *See id.* (citing *Hook*, 38 F.3d at 780).

[7] 981 F.2d 816, 818 (5th Cir. 1993).

neither be conferred nor destroyed by the parties' waiver or agreement."[8] However, if a court has only supplemental jurisdiction over a claim, Congress has granted authority to adjudicate the claim or remand the claim based on the court's discretion.[9] Appellants argue that the district court had no authority to remand the case because 12 U.S.C. § 1819(b)(2) continues to provide original jurisdiction over all claims in the case, even after the FDIC's dismissal. Appellees argue that the district court had the discretion to remand the case pursuant to 28 U.S.C. § 1367(c) because the court retained only supplemental jurisdiction over the remaining claims once the FDIC was dismissed. Although the district court had very good reasons for remanding, our precedent supports the position of Appellants.

It is undisputed that the FDIC properly removed this case pursuant to 12 U.S.C. § 1819(b)(2). This statute states in relevant part:

> (A) In general
> [Except in situations irrelevant to the instant case], all suits of a civil nature at common law or in equity to which the Corporation [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.
> (B) Removal
> [Except in situations irrelevant to the instant case], the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.[10]

---

[8] *Id.* at 820-21.

[9] *See, e.g.*, 28 U.S.C. §§ 1367(c), 1441(c).

[10] § 1819(b)(2)(A)-(B).

Congress enacted § 1819(b)(2) as part of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").[11] FIRREA is a comprehensive regulatory scheme that Congress passed in response to the savings-and-loan crisis of the late 1980s and early 1990s. *See In re Meyerland Co.*[12] Pursuant to FIRREA, the FDIC succeeded the Federal Savings and Loan Insurance Corporation ("FSLIC") as conservator and receiver for defaulting federally-insured financial institutions.[13] FIRREA is specifically designed to "'enhance and clarify enforcement powers of the financial institution regulatory agencies,'" and "greatly expands the FDIC's role in regulating and supervising such institutions."[14]

Among the many powers granted to the FDIC by FIRREA, "[t]he power . . . to invoke federal jurisdiction and to remove from state court is substantial."[15] Pursuant to § 1819(b)(2)(A), all suits to which the FDIC is a party and all component claims in those suits are "*conclusively* presumed to arise under the laws of the United States, and thus . . . within the original subject matter jurisdiction of the proper federal district court."[16] Because a suit and all its component claims are conclusively deemed to arise under federal law once the FDIC is a party, § 1819(b)(2) provides jurisdiction over suits whose causes of

---

[11] Pub. L. No. 101-73, 103 Stat. 183 (1989).

[12] 960 F.2d 512, 514-15 (5th Cir. 1992) (en banc).

[13] *See id.*

[14] *Id.* (quoting and citing H.R. REP. NO. 101-54(I) 291, 310-11, *reprinted in* 1989 U.S.C.C.A.N. 86, 106-07).

[15] *Id.* at 515 (citing *Carrolltown-Farmers Branch Indep. Sch. Dist. v. Johnson & Cravens, 13911, Inc.*, 889 F.2d 571, 572 (5th Cir. 1989); *Triland Holdings & Co. v. Sunbelt Serv. Corp.*, 884 F.2d 205, 207 (5th Cir. 1989)).

[16] *Buchner*, 981 F.2d at 819 (emphasis added); *see also FSLIC v. Mackie*, 962 F.2d 1144, 1150 (5th Cir. 1992) (recognizing removal jurisdiction over pendent party claims pursuant to 12 U.S.C. § 1730(k)(1) (repealed 1989), § 1819(b)(2)'s predecessor).

action may otherwise largely depend on state law and which may not otherwise be subject to federal-question jurisdiction under the general federal-question statute of 28 U.S.C. § 1331.[17] Ultimately, in enacting FIRREA, "Congress used very strong language to afford the FDIC every possibility of having a federal forum within the limits of Article III."[18]

The language of § 1819(b)(2)(A) states that all claims in a suit "arise under the laws of the United States" when the FDIC "is a party." Nothing in the statute specifically addresses what happens to a court's jurisdiction, if anything, when the FDIC is dismissed as a party. Consequently, the circuits are split on whether § 1819(b)(2) continues to provide original federal subject matter jurisdiction over a case after the FDIC is dismissed. Only three circuits have specifically addressed this issue. In the majority are the Fifth Circuit and the Second Circuit, which hold that § 1819(b)(2) continues to provide federal jurisdiction after the FDIC has been dismissed from a case or has transferred its assets to a third party. *See FSLIC v. Griffin*;[19] *FDIC v. Four Star Holding Co.*[20] In the minority is the Third Circuit, which holds that original federal jurisdiction ceases with the dismissal of a FIRREA federal corporation and only

---

[17] *See Meyerland*, 960 F.2d at 518-19 (comparing the grant of jurisdiction under § 1819(b)(2) to that recognized in *Pacific Railroad Removal Cases*, 115 U.S. 1, 5 S. Ct. 113 (1885), and *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 822 (1824)).

[18] *Id.* at 519 (citation and footnote omitted).

[19] 935 F.2d 691, 697 (5th Cir. 1991).

[20] 178 F.3d 97, 100-01 (2d Cir. 1999).

supplemental jurisdiction remains.[21] *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*[22]

In *Griffin*, the FSLIC entered a state court action as receiver for the plaintiff and subsequently removed the case to federal court pursuant to 12 U.S.C. § 1730(k)(1), a statute which was later repealed and retroactively superseded by 12 U.S.C. § 1819.[23] During the pendency of the case, Congress passed FIRREA, and the FDIC succeeded the FSLIC as receiver.[24] The district court then granted Griffin's motion to dismiss its counterclaims against the FDIC, but the court retained jurisdiction over the case between Griffin and the FDIC's successor in interest, who had intervened against Griffin.[25] The district court ultimately held against Griffin.[26] Griffin appealed to this court, arguing that the federal court lacked jurisdiction once the FDIC was dismissed.[27]

We disagreed, holding that federal jurisdiction continued to exist pursuant to § 1819 after the FDIC's dismissal.[28] The court provided two rationales for its decision. The court first stated that "[t]he power to remove is evaluated at the

---

[21] While not expressly addressing the issue of continuing original jurisdiction, the Eighth Circuit has reviewed a district court's remand for abuse of discretion in a case where the Resolution Trust Corporation ("RTC") removed the case under an analogous statute but was later dismissed, thus implicitly adopting *New Rock*'s holding, if not its reasoning. *See Myers v. Moore Eng'g Inc.*, 42 F.3d 452, 455 (8th Cir. 1994) (holding the district court did not abuse its discretion in denying remand when the RTC had previously removed pursuant to 12 U.S.C. § 1441a(*l*)(1)).

[22] 101 F.3d 1492, 1494-95 (3d Cir. 1996).

[23] *See Griffin*, 935 F.2d at 694-95.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 695.

[28] *Id.* at 696.

time of removal."[29]  Although § 1730(k)(1) controlled when the FSLIC removed, FIRREA was enacted to "correct any possible jurisdictional defects existing at the time of removal."[30]  Accordingly, the enacting of § 1819(b)(2) after removal and the FDIC's later dismissal from the case "cannot defeat this intent."[31]  The court then cited federal policy interests which favored recognizing jurisdiction over the FDIC's successor in interest.[32]  Specifically, the court recognized the need to provide federal protection to successors in interest to the FDIC under the *D'Oench Duhme* doctrine, which is designed to "protect[] the FDIC and its assignees from unrecorded side agreements not reflected in the bank's records[.]"[33]  The court concluded its discussion of the issue by stating, "federal jurisdiction is proper in this case because according to . . . § 1819, the case arises under federal law.  Since federal jurisdiction exists, federal law applies."[34]

The Second Circuit followed *Griffin* in *Four Star Holding*.[35]  In *Four Star Holding*, the FDIC brought a foreclosure action in federal court pursuant to § 1819(b)(2)(A) but then transferred all its interests to a third party.[36]  On appeal, the defendants argued that with the transfer of the FDIC's interest in the case to another party, no federal jurisdiction remained.[37]  However, the

---

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33]  *Id.* at 697 (citing *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S. Ct. 676 (1942)). Congress partially codified *D'Oench Duhme* in 12 U.S.C. § 1823(e).

[34] *Id.* at 696.

[35] *See* 178 F.3d at 101.

[36] *Id.* at 99.

[37] *Id.* at 100.

Second Circuit held that jurisdiction continued pursuant to § 1819, and it cited both the time-of-filing doctrine and the federal policy rationales set forth in *Griffin* as justifications for retaining jurisdiction.[38] Synthesizing the time-of-filing rationale with additional federal policy concerns, the Second Circuit stated:

> "Adopting a rule which would make federal jurisdiction contingent on who owned an interest in certain property at a particular time 'could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation,'" *CIT, Inc. v. 170 Willow Street Assoc.*, No. 93 Civ. 1201 CSH, 1997 WL 528163, at *7 (S.D.N.Y. Aug. 26, 1997) (quoting *Freeport-McMoRan, Inc.*, 498 U.S. at 428), and could also deter transactions by FDIC that presumably are in the public interest.[39]

Meanwhile, the Third Circuit expressly rejected the *Griffin* court's holding that original federal jurisdiction continues pursuant to § 1819(b)(2) after the FDIC is dismissed from a case.[40] In *New Rock*, the Resolution Trust Corporation ("RTC"), which Congress created under FIRREA, filed a case in federal court pursuant to 12 U.S.C. § 1441a(*l*)(1).[41] The RTC then sold its interests to a

---

[38] *See id.* (citing *Griffin*, 935 F.2d at 969; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S. Ct. 2218 (1989); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858 (1991) (per curiam)).

[39] *Id.* at 100-01. Although the Second Circuit follows *Griffin* in *Four Star Holding*, other Second Circuit cases have not recognized original jurisdiction over pendent state claims. *See, e.g., King v. Crossland Sav. Bank*, 111 F.3d 251, 255-56 (2d Cir. 1997) (finding exercise of supplemental jurisdiction appropriate over pendent party claims pursuant to § 1367 in case removed pursuant to § 1819(b)(2)); *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996) (same). However, because original jurisdiction pursuant to § 1819 applies to all cases in a "suit," these latter cases inconsistently apply § 1819(b)(2).

[40] *See New Rock Asset Partners, L.P.*, 101 F.3d at 1502.

[41] *Id.* at 1495. Section 1441a(*l*)(1) states:

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

private third party and was dismissed from the case.[42] Analogizing § 1441a(*l*)(1) to § 1819(b)(2), and citing to *Griffin*'s analysis, the Third Circuit held that § 1441a(*l*)(1) "precludes continuing jurisdiction over an action where the RTC is no longer a party" because "the policy reasons for federal jurisdiction [under FIRREA] end when the FDIC or RTC leaves the case."[43] The court further held that the time-of-filing doctrine was insufficient to retain jurisdiction under FIRREA because the doctrine was more closely associated with diversity cases than federal-question cases.[44] Moreover, the court noted that other courts had inconsistently applied the time-of-filing doctrine in federal-question cases.[45] Ultimately, however, the *New Rock* court concluded that while original jurisdiction was lacking, a district court could retain supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(c).[46]

All three of these cases make it clear that a court following *Griffin* will recognize continued federal jurisdiction when the FDIC removes a case but is later dismissed, and that this jurisdiction *is pursuant to 12 U.S.C. § 1819* and not any other statute.[47] As *Griffin* is Fifth Circuit precedent, we are bound by its holding.

---

[42] *Id.*

[43] *Id.* at 1501-02 (citing *Mill Invs., Inc. v. Brooks Woolen Co.*, 797 F. Supp. 49 (D. Me. 1992)).

[44] *Id.* at 1503-04.

[45] *Id.*

[46] *Id.* at 1504.

[47] *See Griffin*, 935 F.2d at 696 ("In sum, federal jurisdiction is proper in this case because *according to . . . § 1819*, the case arises under federal law.") (emphasis added); *Four Star Holding*, 178 F.3d at 101 (following *Griffin* to hold that FDIC's dismissal "does not divest the court of subject matter jurisdiction *under Section 1819*") (emphasis added); *New Rock Asset Partners, L.P.*, 101 F.3d at 1502, 1504 (disagreeing with *Griffin* and holding that supplemental jurisdiction, not original jurisdiction, existed after RTC's dismissal).

Because federal jurisdiction continues in this case pursuant to § 1819(b)(2), that jurisdiction extends to all claims in the "suit," regardless of their state or federal origin.[48] As the district court retained original jurisdiction over all claims in this case, remand for any claim was inappropriate.[49]

We recognize that the party in *Griffin* arguing for federal jurisdiction was a successor in interest to the FDIC, and no successor in interest remains in the instant case.[50] In addition, the *Griffin* court expressly cited the existence of a successor in interest as part of its rationale for continued jurisdiction.[51] However, the *Griffin* court clearly relied on the time-of-filing rationale for recognizing federal jurisdiction under its interpretation of § 1819(b)(2), with the federal policy concerns it cited as "[f]urther" justifications.[52] Moreover, Fifth Circuit cases following *Griffin* exclusively cite the time-of-filing rationale as their reason for recognizing original jurisdiction, and they make no mention of the policy concerns the *Griffin* court also relied on.[53] In at least one case, a prior

[48] *See* § 1819(b)(2)(A) ("suit" shall "arise under the laws of the United States"); *Meyerland*, 960 F.2d at 518-19; *Buchner*, 981 F.2d at 819; *see also Mackie*, 962 F.2d at 1150 (holding that the term "suit" in § 1730(k)(1) covers the "entirety of the civil proceeding"); *Brockman v. Merabank*, 40 F.3d 1013, 1015-16 (9th Cir. 1994) (holding that the term "suit" in § 1441a(l)(1) includes all claims in a case, and that the addition of RTC to the action "transformed the 'entire suit' into one that arose under federal law.") (citation omitted); *Spring Garden Assoc. v. RTC*, 26 F.3d 412, 415-16 (3d Cir. 1994) (same). Indeed, as even courts that disagree with the Fifth Circuit recognize, the disputed issue in the circuits regarding § 1819(b)(2) is ultimately one of jurisdictional "duration" rather than of jurisdictional "breadth." *See New Rock Asset Partners, L.P.*, 101 F.3d at 1499 n.4 (distinguishing the question before it from the holding in *Spring Garden*).

[49] *See Buchner*, 981 F.2d at 821.

[50] *See Griffin*, 935 F.2d at 696.

[51] *See id.*; *see also Four Star Holding*, 178 F.3d at 100.

[52] *See Griffin*, 935 F.2d at 696.

[53] *See, e.g., Bank One Tex. Nat'l Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) (citing the time-of-filing rationale in Griffin as the sole basis for continued jurisdiction despite *D'Oench Duhme* being at issue in guarantor's defense); *Walker v. FDIC*, 970 F.2d 114, 120 (5th

Fifth Circuit panel has recognized original jurisdiction based on § 1819(b)(2) when no successor in interest to the FDIC remained.[54] Accordingly, a successor in interest to the FDIC is not necessary for original jurisdiction to continue pursuant to § 1819(b)(2).

## IV.

We follow the rule that "a district court exceeds its authority if it remands a case on grounds not expressly permitted by controlling statute."[55] Despite the FDIC's dismissal, all claims in the instant case continue to "arise under the laws of the United States," pursuant to § 1819(b)(2). Therefore, original jurisdiction remains, and the exercise of that jurisdiction was mandatory for the district court.[56] Accordingly, the district court had no discretion to remand the case and erred in doing so.[57]

The Judgment of Remand is Reversed. The cause is reinstated in the federal court.

---

Cir. 1992); *First Gibraltar Bank, FSB v. Bradley*, 98 F.3d 1338, No. 95-20500, 1996 WL 556852, at *5 (5th Cir. Sep. 10, 1996) (unpub.) (citing *Morrison*, 26 F.3d at 547-48).

[54] *See Walker*, 970 F.2d at 120.

[55] *Buchner*, 981 F.2d at 820 (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S. Ct. 584, 590 (1976), *abrogated on other grounds by Quackenbush*, 517 U.S. at 714-15, 116 S. Ct. at 1720).

[56] *See Buchner*, 981 F.2d at 821.

[57] Because we find original federal jurisdiction over all claims in the instant case pursuant to § 1819(b)(2), we do not address whether Appellees' federally preempted usury claims also provide continuing federal jurisdiction, or whether the state fraud and negligence claims are "separate and independent" so as to otherwise be subject to remand under 28 U.S.C. § 1441(c).

E. GRADY JOLLY, Circuit Judge, concurring in the judgment:

I fully appreciate the efficient and judicially economical approach of the majority. I am unable, however, to agree that our precedent or the text of § 1819 requires that state claims cannot be remanded when no party to the case is a successor-in-interest to the FDIC and no federal interests remain in the case. Although the court clearly has jurisdiction over the case, including all state claims, that fact does not in itself mean that the court lacks discretion to remand state claims. Whether to remand is a discretionary matter subject to the abuse of discretion standard. *Regan v. Starcraft*, 524 F.3d 627, 631 (5th Cir. 2008). Once the FDIC and its interests have been dismissed, there is no federal character in the state claims. *See FSLIC v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) (justifying continued federal-question jurisdiction based on presence of successor-in-interest to FSLIC). The statute gives original jurisdiction to cases in which the FDIC "is a party." 12 U.S.C. § 1819(b)(2)(A). The statute does not, through some feat of alchemy, make the case's state-law claims federal-law claims. Nor does the text "*is* a party" mean that all state-law claims in any case to which the FDIC ever was a party continue to arise under federal law after dismissal of all federal interests.

Here, I concur in the result reached by the majority because there remain federal usury claims and related state-law claims, which cannot be remanded. *Laurents v. Arcadian Corp.*, No. 94-41183, 1995 WL 625394, at *2, 69 F.3d 535 (5th Cir. Oct. 4, 1995) (setting forth rule that properly removed questions of federal law cannot be remanded under 28 U.S.C. § 1441(c)).