# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10952
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2016

Lyle W. Cayce
Clerk

LELAND HOWARD,

      Plaintiff - Appellee

v.

WILLIAM BURNS,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-712

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant William Burns appeals the district court's order remanding this case to state court and further requests that this court render judgment in his favor. Because the district court's remand order falls squarely within 28 U.S.C. § 1447's bar to appellate review, Burns's appeal is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10952

**I.**

This case stems from a car accident between Plaintiff-Appellee Leland Howard and a drunk driver. As a result of the accident, Howard underwent surgery, which was performed by Burns and a surgical technician, Kurt Doyle. Burns and Doyle were then paid by Howard's employment-related benefit plan. His benefit plan is governed by the Employee Retirement Income Security Act ("ERISA").

After his surgery, Howard sued and settled with the drunk driver that caused his injuries. He then claims that the administrator of his benefits plan, UnitedHealthcare Insurance Company ("UHC"), asserted its right to subrogation for medical bills paid out of his benefit plan for his surgery. Around the same time, Howard learned that Burns received $1,087 for his "in network" services, and Doyle received $7,934.01 for his "out-of-network" services.

Unhappy with the extra cost of Doyle's "out-of-network" services, Howard filed suit in state court against Doyle, Burns, UHC, and UHC's subrogation vendor, Optumhealth Care Insurance Solutions, Inc. ("Optum"), for deceptive trade practices and seeking a declaratory judgment. The case did not remain in state court for long: roughly three months after the case was filed, Burns removed the case to federal court based on federal question jurisdiction, claiming that all of Howard's state-law causes of action were preempted by ERISA.

After the case was removed to federal court, the fight to return the case to state court began. The district court denied Howard's initial motion to remand, finding that all of Howard's state-law claims were preempted by

No. 15-10952

ERISA.[1]  Howard then voluntarily dismissed the institutional defendants, UHC and Optum, as well as his declaratory-judgment claim, and amended his complaint.  The First Amended Complaint named only Doyle and Burns as defendants; asserted state-law claims of deceptive trade practices, fraud, and civil conspiracy; and added an ERISA claim "[t]o the extent [the district court] rule[d] that [Howard's] state law claims remain preempted in the absence of an ERISA plan as a party."

Following the filing of his amended complaint, Howard again moved to remand the case to state court.  The district court granted the motion, finding that Howard's state law claims were no longer preempted by ERISA— primarily because he dismissed the benefit plan administrator, UHC, from the suit—and therefore concluded that the court did not have subject-matter jurisdiction.  Burns filed a timely appeal, challenging the district court's remand order and asking this court to enter judgment in his favor.

## II.

We begin our analysis of the district court's remand order with the text of 28 U.S.C. § 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).  The contours of Section 1447(d) are defined by reading it *in pari materia* with Section 1447(c), "so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). Section 1447(c) provides two bases for remanding cases to state court: (1) a defect in the removal procedure, and (2) the lack of subject-matter jurisdiction.

---

[1] In a separate order, the court granted Howard leave to amend his complaint to add an ERISA claim.

3

No. 15-10952

*See Big Country Vein Relief, L.P. v. Directory Assistants, Inc.*, 425 F. App'x 287, 289 (5th Cir. 2011); *see also* 28 U.S.C. § 1447(c).

Since there is no contention of a defect in the removal procedure—in fact, the district court initially found that removal was proper—we examine only whether the district court's remand order was based on a lack of subject-matter jurisdiction. Our precedent has simplified this analysis, as "[w]e will only review remand orders if the district court affirmatively states a non-1447(c) ground for remand." *Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010) (quoting *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408 (5th Cir. 1991)). Here, the district court clearly remanded for lack of subject-matter jurisdiction. The district court's analysis centered on whether it had subject-matter jurisdiction over Howard's state-law claims because of ERISA preemption—the court ultimately concluded that Howard's claims "are not preempted by ERISA and th[e] Court lacks jurisdiction."[2] Thus, we are precluded from reviewing the order, even if it is erroneous. *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 209 (5th Cir. 2004) ("After a district court remands a case to state court for lack of subject-matter jurisdiction, 28 U.S.C. § 1447(d) bars a federal appellate court from reviewing the remand ruling 'no matter how erroneous.'" (quoting *Arnold v. State Farm Fire & Cas. Co.,* 277 F.3d 772, 775 (5th Cir. 2001)).[3]

---

[2] Howard did include a federal cause of action in his complaint: an ERISA claim. However, as the district court explained, "[h]e pled his ERISA claim . . . as contingent on a holding . . . that his state-law claims are preempted." Thus, the district court never considered the claim in its remand analysis.

[3] The ban on appellate review of the remand order applies even though the case was properly removed in the first instance and the subject matter defect arose after removal. *See Powerex*, 551 U.S. at 230 ("Nothing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance.").

No. 15-10952

Undaunted, Burns argues that two cases—*Buchner v. F.D.I.C.*, 981 F.2d 816 (5th Cir. 1993), and *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011)—compel the conclusion that review is proper. He is mistaken. First, his reliance on *Buchner* is, at best, misplaced. The court in *Buchner* had authority to review the relevant remand order pursuant to 12 U.S.C. § 1819(b)(2)(C), which provides that "[t]he [FDIC] may appeal any order of remand entered by any United States district court." 981 F.2d at 818 & n.4. Burns fails to explain why we should consider him to be in the position of the FDIC.

Burns's reliance on *Cuevas* is similarly unavailing. In *Cuevas*, the district court declined to exercise jurisdiction over the plaintiff's state-law claims after dismissing the only federal cause of action and therefore remanded the case to state court. 648 F.3d at 247. We considered the appeal under the well-established rule that a remand order is reviewable if it is based "on an affirmative exercise of discretion rather than on a finding of lack of jurisdiction." *Id.* at 248 (quoting *Adair v. Lease Partners, Inc.,* 587 F.3d 238, 240 (5th Cir. 2009)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). However, unlike *Cuevas*, the district court here was not faced with deciding whether to exercise supplemental jurisdiction over pendent state law claims. And, as previously explained, the district court here did not indicate—much less affirmatively state—that it issued its remand order after an exercise of its discretion.

## III.

For the foregoing reasons, the appeal is DISMISSED.