United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10111
Summary Calendar

_____

JAMES CHRISTIAN KINZIE,

Plaintiff-Appellant,

versus

DALLAS COUNTY HOSPITAL DISTRICT,
doing business as Parkland Memorial Hospital,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2825-L
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Christian Kinzie appeals the dismissal of his

42 U.S.C. § 1983 complaint against Dallas County Hospital

District, doing business as Parkland Memorial Hospital

(Parkland), arising from his receipt of HIV-positive blood.

Kinzie argues that the district court erred in dismissing his

claim under 21 C.F.R. § 610.47 because that regulation creates

enforceable rights under 42 U.S.C. § 1983.  However, that

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

regulation did not become effective until February 7, 1997, <u>i.e.</u>, after Kinzie learned of his HIV-positive status pursuant to a December 23, 1996, laboratory report.  <u>See</u> 61 Fed. Reg. 66919 (December 19, 1996).  Therefore, even were the regulation a constitutional right or a right created by federal law enforceable under 42 U.S.C. § 1983, it is not applicable to Kinzie.  <u>See</u> <u>Sierra Med. Ctr. v. Sullivan</u>, 902 F.2d 388, 392 (5th Cir. 1990).

Kinzie argues that he stated a substantive due-process claim by alleging that Parkland's conduct of recklessness and indifference shocks the conscience.  However, the allegations of his complaint with regard to the failure to screen the donor or test the blood are, at most, allegations of negligence, and, therefore, cannot state a claim for substantive due process.  <u>See</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848-49 (1998).  Although Kinzie's complaint used terms like "shock the conscience" and "deliberate indifference," as the district court found, Kinzie's claims regarding Parkland's failure to screen donors and test the blood were "analogous to a fairly typical state-law tort claim: [Parkland] breached its duty of care to [Kinzie] by failing to provide [safe blood]."  <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 128 (1992).  The Supreme Court has "rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law."  <u>Id.</u>

Kinzie's reliance on <u>Lewis</u>, a mid-level culpability case, is misplaced. For Kinzie's reliance on <u>Lewis</u> to prevail his allegations must establish that Parkland had mid-level fault, <u>i.e.</u>, had been reckless or grossly negligent. As has already been discussed, Kinzie's complaint established only negligence, not gross negligence.

Kinzie also argues that he alleged that Parkland's established policy of inadequate training and supervision and its customs caused violations of his constitutional rights. However, those arguments deal with whether Parkland is liable, which is immaterial because no constitutional violations occurred. <u>See</u> <u>Collins</u>, 503 U.S. at 120.

Kinzie argues that the district court should not have dismissed his access-to-courts claim because he pleaded the necessary elements. Kinzie has not established an underlying claim and therefore cannot establish an access-to-court claim. <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

Kinzie argues that his "special relationship" with Parkland arising out of the federal regulation that required Parkland to inform him of his HIV status involved Fourteenth Amendment protection. A state's failure to protect an individual against private violence is not a due-process violation unless there is a special relationship between the state and the individual. <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189, 197-200 (1989). This special relationship exists "only when the

person is involuntarily taken into state custody and held against his will through the affirmative power of the state." Walton v. Alexander, 44 F.3d 1297, 1304 (5th Cir. 1995)(en banc). There is no indication of any such special relationship between Parkland and Kinzie.

Kinzie also argues that his complaint stated the elements of constitutional deprivations resulting from a state-created danger. A review of the complaint reveals that Kinzie did not allege that he was harmed by a third party. Therefore, even assuming the existence of the state-created danger theory in this court, Kinzie has not alleged the requisite elements. See Randolph v. Cervantes, 130 F.3d 727, 731 (5th Cir. 1997).

Kinzie argues that the complaint alleged a violation of his constitutional right to medical care. No general right to medical care exists; such a right has been found only where there exists a special custodial or other relationship between the person and the state. See, e.g., Estelle v. Gamble, 429 U.S. 97, 103 (1976); see also City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). Kinzie has identified no special custodial or other relationship giving rise to a right to medical care, and this claim fails.

Kinzie argues that the district court's analysis was flawed because it stripped Kinzie's complaint of "adjectival descriptors and modifiers" when it should have considered all of his allegations, making all factual inferences in his favor. The

district court was not required to accept Kinzie's conclusional allegations or legal conclusions as true simply because the complaint used the correct technical "buzz words."  See Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

Kinzie also argues that the district court improperly considered his state-court pleadings, which were outside the scope of his federal complaint.  Although the state-court complaint was attached to Parkland's motion to dismiss, it was not central to Kinzie's claims, and the district court should not have considered it.  See Collins, 224 F.3d at 498-99.  However, the district court's reliance on the similarity of Kinzie's allegation in his state-court negligence action and his alleged constitutional violations in his federal complaint was only a part of the district court's reasoning, and, for reasons already stated, Kinzie's substantive due-process claim fails.

Kinzie also argues that the district court failed to distinguish between gross and simple negligence, improperly determined that a jury should not have the opportunity to determine whether Parkland's conduct shocked the conscience, and misapplied Collins.  As has already been discussed, the district court did not err in dismissing his claims and did not misapply Collins.  The district court's judgment is AFFIRMED.