United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 05-20822

ELLISON STEEL, INC.,

Plaintiff-Counter Defendant-Appellee,

VERSUS

GREYSTAR CONSTRUCTION LP, ET AL.,

Defendants,

GREYSTAR CONSTRUCTION WEST, LLC,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(4:04-CV-629)

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Greystar Construction West, LLC ("GCW")

appeals the district court's Amended Final Judgment

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

awarding attorney's fees in the amount of $123,725.00 to Appellee Ellison Steel, Inc. ("Ellison") pursuant to an arbitration award adopted by the court. Because it is not clear from the record whether the district court had subject matter jurisdiction over the case, specifically, whether the various parties to the case were diverse, we vacate the district court's judgment and remand the case to the district court for a determination of whether subject matter jurisdiction existed.

I.

Underlying this case is a contract dispute regarding a Colorado construction project. GCW, a citizen of Delaware and Colorado for diversity purposes, was the general contractor on the project; Ellison, a citizen of Texas for diversity purposes, was GCW's subcontractor. The subcontract between the parties contained an arbitration clause and a Colorado choice of law provision. The subcontract also specified that the party prevailing in any litigation or arbitration was entitled to recover from the other party its attorney's fees and costs.

2

In November 2003, one of Ellison's subcontractors, H&E Equipment Services LLC, sued GCW and Ellison in Colorado state court to recover amounts allegedly owed by Ellison for work on the construction project.[2] A month later, in December 2003, GCW initiated arbitration against Ellison in Colorado to recover amounts allegedly owed under their subcontract. Finally, in January 2004, Ellison filed suit against GCW on their subcontract in Texas state court.[3] GCW removed the Texas action to the U.S. District Court for the Southern District of Texas on diversity grounds. Post-removal, Ellison amended its complaint to add claims against another party, Greystar Construction Development, L.P. ("GCD" or the "named defendant"), a party GCW alleges is non-diverse. Ellison later clarified that it intended to sue Greystar Development & Construction LP ("GDC" or the "intended defendant"), a party GCW alleges is also non-diverse.

_____

[2]Another of Ellison's subcontractors, Namasco Corporation, later intervened to recover the amounts allegedly owed it.

[3]Ellison named Greystar Construction, L.P. as the defendant, but GCW clarified when it removed the case that it was the "proper party" and "intended defendant" because the construction subcontract was between Ellison and GCW.

GDC's name appears on all subsequent court filings. After Ellison added claims against GDC, GCW filed a motion to dismiss the case, an alternative motion to stay the case pending resolution of arbitration, and a motion to strike the joinder of GDC. The court denied without prejudice the motion to dismiss and the motion to strike and agreed to stay the case so that the Colorado arbitration could proceed.

The arbitrator awarded Ellison $47,528.49 in damages and $6,812.25 in pre-award interest. However, the arbitrator ordered each party to bear its own costs, finding that neither party was the prevailing party for purposes of the contractual fee/cost-shifting clause in the arbitration agreement. The arbitrator then found that it did not have jurisdiction to make an award of attorney's fees, nor to make an express finding regarding who the prevailing party was with respect to attorney's fees, and stated that the court of law in which the parties sought to enforce the award was the appropriate tribunal to decide those issues.

After arbitration concluded, Ellison moved to reopen

4

the case pending in the Southern District so that the court could award attorney's fees and enter final judgment pursuant to the arbitration award. GCW contested Ellison's motion to reopen and filed alternative motions to dismiss for lack of personal jurisdiction, to dismiss for improper venue, and to transfer venue. The court granted Ellison's motion to reopen and its request for attorney's fees and denied GCW's alternative motions. GCW then filed an answer to Ellison's First Amended Complaint, a counterclaim, and various other motions, arguing that the court lacked subject matter jurisdiction, that venue was not proper in the Southern District, and that the court should either abstain from exercising jurisdiction, confirm the arbitration award, specifically the arbitrator's finding that neither party was the prevailing party, or remand to the arbitrator so that he could answer any open questions regarding attorney's fees. GCW also argued that the district court had misinterpreted Colorado law in determining that Ellison was entitled to attorney's fees. The district court struck the answer and counterclaim, confirmed the

arbitration award, denied the remainder of GCW's motions, and entered final judgment against GCW and GDC totaling $54,340.74 in damages and $123,735.00 in attorney's fees. The final judgment was later amended upon the request of GCW and GDC because Ellison had not sought relief against GDC -- who was dismissed by the arbitrator as a respondent to the arbitration -- and because GCW had already paid the $54,340.74 it owed to Ellison pursuant to the arbitration award. GCW timely appealed.

## II.

GCW makes numerous arguments on appeal; however, we need only reach its argument that the district court lacked subject matter jurisdiction, as it disposes of the case.

Questions of subject matter jurisdiction are reviewed *de novo*. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006). Diversity jurisdiction exists if the parties are diverse and the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332; *see also Garcia v. Kock Oil of Tex. Inc.*, 351 F.3d 636, 638 (5th

6

Cir. 2003). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both. *Garcia*, 351 F.3d at 638.

Both parties agree that diversity existed at the time of removal; however, GCW contends that subject matter jurisdiction was later destroyed either by addition of the named defendant, GCD, or by addition of the intended defendant, GDC, both of which GCW contends are Texas citizens for diversity purposes. Ellison counters that because GDC, the intended defendant, was dismissed from arbitration and not a party to the final judgment, the district court's judgment should stand even if GDC is non-diverse; however, Ellison argues that GDC *is* diverse because it is a limited partnership whose partners are citizens of South Carolina, making it a citizen of South Carolina for diversity purposes.

Diversity jurisdiction is generally determined at the time of filing, or, in a case removed from state court, at the time of removal. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). However, the later addition of a non-diverse defendant will destroy

diversity jurisdiction. *Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). Nevertheless, as Ellison correctly points out, in some cases this Court will not disturb a judgment even though a jurisdictional defect existed at some point prior to entry of judgment if jurisdiction existed at the time judgment was entered. *See, e.g., H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000) (stating "[e]ven if a Court lacks jurisdiction at the time of removal and regardless of whether there was an objection to the removal, the judgment will stand if the court had jurisdiction at the time it entered judgment"). But the jurisdictional defect must not linger through judgment, and in a diversity case involving a non-diverse party, this has meant the dismissal of the non-diverse party from the action prior to judgment. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996); *see also Grupo Dataflux*, 541 U.S. at 572-73. GDC was not dismissed from the district court action; further, we cannot determine from the record whether GDC is non-diverse, i.e., whether

GDC is a Texas resident.[4] We refuse to address on this record -- where the defendant in question's citizenship is not clear -- Ellison's contention that dismissal from arbitration, without a corresponding dismissal from the district court action, cured any jurisdictional defect. Therefore, we vacate the district court's judgment and remand this case to the district court so that it can determine whether the parties to the case were diverse. We note for the district court's benefit that if it finds GDC non-diverse, it could cure the jurisdictional defect by dismissing GDC from the action. *See Grupo Dataflux,* 541 U.S. at 572-73 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

## III.

Accordingly, the district court's judgment is VACATED and this case is REMANDED to the district court for further proceedings in accordance with this opinion.

---

[4]GDC is a limited partnership. It is therefore a citizen of any state in which any of its partners is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-96 (1990). Unfortunately, the record contains inconsistent and incomplete information about the identity and citizenship of GDC's partners.