# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-20994
c/w 06-20344
Summary Calendar

ELLISON STEEL INC

Plaintiff-Counter Defendant-Appellee

v.

GREYSTAR CONSTRUCTION WEST LLC

Defendant-Counter Claimant-Appellant

SHERMAN & HOWARD LLC

Respondent-Appellant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELLISON STEEL INC

Plaintiff-Appellee

v.

GREYSTAR CONSTRUCTION WEST LLC

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-629

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

In case number 06-20994 Appellant Greystar Construction West, LLC ("Greystar") appeals the district court's November 30, 2006 judgment in which the court affirmed its prior judgment against Greystar and awarded Ellison Steel, Inc. ("Ellison") additional attorney's fees. In case number 06-20344, Greystar and Sherman & Howard LLC ("Sherman") appeal the district court's Memorandum and Order dated February 15, 2006. The Memorandum and Order enjoined Greystar and its counsel (including Sherman) from proceeding against Ellison in a related Colorado lawsuit and ordered them to join in a motion for reconsideration filed by Ellison before that court. We have consolidated these appeals.

A short history of the case is warranted: Greystar was the general contractor on a Colorado construction project and it hired Ellison as a subcontractor. A dispute arose prompting H&E Equipment Services, LLC, another subcontractor, to bring suit against both Greystar and Ellison in Colorado state court (the "Colorado lawsuit") to recover amounts allegedly owed by Ellison for work performed on the construction project. In December 2003, Greystar initiated arbitration against Ellison in Colorado pursuant to the arbitration clause in their subcontract. Greystar sought to recover amounts allegedly owed by Ellison under the subcontract.

In January 2004, Ellison brought suit against Greystar under the subcontract in Texas state court. Greystar removed to federal district court on diversity grounds and then requested that the district court stay the suit pending the outcome of the arbitration. The district court stayed the case and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the arbitration proceeded. The arbitrator ultimately awarded Ellison $47,528.49 in damages and $6,812.25 in pre-award interest; ordered each party to bear its own costs, finding that neither party was the prevailing party for purposes of the contractual fee/cost-shifting clause in the arbitration agreement; and decided that it did not have jurisdiction to make an award of attorney's fees nor to make an express finding regarding who was the prevailing party with respect to attorney's fees.

Post-arbitration, Ellison filed a motion to reopen with the district court, requesting that the court confirm the arbitration award and award it attorney's fees as the prevailing party. In August 2005, the court confirmed the arbitration award and awarded Ellison $123,735.00 in attorney's fees. Greystar appealed the district court's final judgment on various grounds. We vacated the district court's judgment and remanded because it was not clear from the record whether the district court had subject matter jurisdiction over the case; that is, we could not determine whether all parties to the case were diverse. Ellison Steel, Inc. v. Greystar Constr. LP, 199 F. App'x 324 (5th Cir. 2006).

On remand, the district court dismissed one defendant, finding that it was not diverse. By order dated November 30, 2006, the district court also affirmed its August 2005 confirmation of the arbitration award and award of attorney's fees to Ellison. The court further awarded Ellison $23,310.00 in additional attorney's fees.

Meanwhile, proceedings had recommenced in the Colorado lawsuit. On July 11, 2006, approximately one month after Ellison filed its motion to reopen with the district court in Texas, Greystar filed a motion with the Colorado state court requesting that court to confirm the arbitration award and award it statutory attorney's fees pursuant to a finding by the arbitrator that Ellison had filed an excessive lien under Colorado law. The Colorado court subsequently confirmed the arbitration award and awarded Greystar statutory attorney's fees

3

based on Ellison's excessive lien. Ellison moved for reconsideration. The motion was denied.

After the Colorado court confirmed the arbitration award and awarded Greystar statutory attorney's fees, but before we decided Greystar's first appeal, Ellison moved for sanctions in district court. The district court subsequently issued an injunction enjoining Greystar and its counsel (including Sherman) from proceeding against Ellison in the Colorado lawsuit and ordering them to join in Ellison's motion for reconsideration before the Colorado court. The court did all of this under its "inherent powers" under the Constitution and 28 U.S.C. § 2283, citing the need to protect its judgment and the jurisdiction of the Fifth Circuit to review its judgment.

Regarding the appeal in case number 06-20994, we have reviewed the parties' briefs and relevant portions of the record and have found no reversible error in the district court's confirmation of the arbitration award and award of attorney's fees to Ellison.

As previously discussed, we remanded this case so that the district court could determine whether the parties were diverse. Greystar argued in the court below, as it does here, that it is a corporation for purposes of diversity of citizenship. However, it is undisputed that Greystar is a limited liability company. After conducting a hearing, the district court determined that it possessed subject matter jurisdiction at all relevant times. Specifically, the district court found that it had diversity jurisdiction because Greystar and Greystar Development and Construction, LP ("GDC") were not citizens of Texas. Greystar, a limited liability company, is a partner of GDC, a limited partnership. GDC is a Delaware entity with a Houston office. In determining the citizenship of GDC, the district court necessarily had to analyze the citizenship of GDC's partners, including Greystar. The district court stated:

> The record reflects that at all times the partners of GDC were organized under the laws of the state of Delaware. . . . There is no evidence presented that indicates who the owners of the various partnership entities are. . . . Moreover, the fact that the principal office of GDC is located in Texas, and perhaps does business in this state through its foreign partners, does not ipso facto establish domicile for purposes of determining diversity jurisdiction.

In other words, the district court ruled that GDC was not a citizen of Texas, even though Greystar, one of its limited partners, has its principal place of business in Texas. The district court found that Greystar's argument to the contrary was frivolous because Supreme Court precedent establishes that corporations are treated differently than unincorporated associations for purposes of determining citizenship under 28 U.S.C. § 1332. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (holding that the citizenship of an unincorporated association is based upon the citizenship of each of its members). Therefore, by order dated November 30, 2006, the district court affirmed the arbitration award, affirmed Ellison's original $123,725.00 attorney's fees award, and awarded Ellison supplemental attorney's fees of $23,310.00 with interest. Greystar now appeals the award of supplemental attorney's fees.

This Court reviews an award of attorney's fees for abuse of discretion. Hobbs v. Aloca, Inc., 501 F.3d 395, 398 (5th Cir. 2007). A frivolous appeal occurs when "the result is obvious or the arguments of error are wholly without merit." Montgomery v. United States, 933 F.2d 348, 350 (5th Cir. 1991) (internal quotations and citation omitted). Here, the district court awarded supplemental attorney's fees based upon its finding that Greystar presented a frivolous claim. After reviewing the detailed findings of the district court, we agree with the district court's determination and hold that awarding supplemental attorney's fees was not an abuse of discretion. Thus, we AFFIRM the district court's Judgment dated November 30, 2006.

5

Regarding the appeal in case number 06-203344, we find the injunction created by the district court's February 15, 2006 Memorandum and Order is no longer necessary to protect the court's judgment.  See 28 U.S.C. § 2283.  Thus, the injunction is VACATED.