# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2016

Lyle W. Cayce
Clerk

JOANNIE L. JEFFERSON; ADRAINE J. GEORGES; DERRIE K. JEFFERSON; RYAN F. JEFFERSON; THOMAS H. JEFFERSON, IV; KEVIN L. JEFFERSON; BRAD A. JEFFERSON; LISA M. WILLIAMS,

Plaintiffs–Appellees,

v.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4442

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Certain Underwriters at Lloyd's, London (Lloyd's) appeals the district court's remand of this case to state court. Arguing that complete diversity existed at the time of remand between the plaintiffs and Lloyd's, the only remaining defendant, Lloyd's contends that the court was without discretion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30211

to remand the case. Due to the absence of allegations or evidence that would allow us to conclusively address this claim, we vacate the district court's remand order and remand the case to district court for further proceedings.

## I

Because we are concerned not with the merits of this case but with the district court's jurisdiction to decide it, an abbreviated rendition of the facts will suffice. Joannie Jefferson and other plaintiffs sued various defendants in Louisiana state court for various state-law claims related to asbestos exposure. The plaintiffs eventually amended their complaint to name Certain Underwriters at Lloyd's, London (Lloyd's) as an additional defendant on the theory that it was liable as an excess insurer. Subsequently, one of the original defendants named the Industrial Development Corporation of South Africa, Ltd. (IDC) and another entity as third-party defendants. IDC removed the case to federal district court under the Foreign Sovereign Immunities Act, asserting that it was a "political subdivision, agency or instrumentality" of the South African government.[1] The propriety of that removal is not in question.

Once in federal court, the case was transferred to the court overseeing the multidistrict litigation on asbestos. That court granted summary judgment in favor of the South African entities and, exercising supplemental jurisdiction over the remaining claims, transferred the case back to the Eastern District of Louisiana. After more defendants were dismissed pursuant to a settlement, Lloyd's was the sole remaining defendant in the case. The district court then, sua sponte, remanded the matter back to Louisiana state court in accordance with 28 U.S.C. § 1367(c) after asserting that "the remaining parties in the matter are not diverse." Lloyd's timely appealed, arguing that the remaining

---

[1] See 28 U.S.C. §§ 1330, 1441(d); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064-65 (5th Cir. 1990).

2

No. 15-30211

parties were in fact diverse and the district court thus had no discretion to remand the case.

## II

Before addressing the merits of this appeal, "we must first assure ourselves of our jurisdiction."[2]  The plaintiffs claim that 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," prohibits appellate review of the remand order in question here.  But as they candidly acknowledge,[3] their jurisdictional challenge to this appeal is foreclosed by the Supreme Court's decisions in *Thermtron Products, Inc. v. Hermansdorfer*[4] and *Carlsbad Technology v. HIF Bio, Inc.*[5]  In accordance with these decisions, we have consistently exercised appellate jurisdiction to review remand orders in which "the district court declined to exercise supplemental jurisdiction after first concluding it lacked original subject matter jurisdiction."[6]  Our obligation is to "determine whether the district court had original subject-matter jurisdiction over the remanded claims,"[7] and we turn to that task.

## III

"Whether a district court has the discretion to remand a case to state court is a legal question this court reviews de novo."[8]  When a district court has

---

[2] *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1071 (5th Cir. 2010).

[3] The Supreme Court denied plaintiffs' petition for certiorari before judgment on this issue.  *Jefferson v. Certain Underwriters of Lloyd's, London*, 136 S. Ct. 896 (2016).

[4] 423 U.S. 336 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706 (1996).

[5] 556 U.S. 635 (2009).

[6] *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 846 (5th Cir. 2014); *accord Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 247 (5th Cir. 2011).

[7] *Vaillancourt*, 771 F.3d at 846.

[8] *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 240 (5th Cir. 2009).

original subject-matter jurisdiction over a claim, it has no authority to remand the case to state court.[9]

Lloyd's asserts that the district court lacked authority to remand the suit to state court because there was diversity of citizenship between Lloyd's, the only remaining defendant in the case at the time the case was remanded, and the plaintiffs. Although the suit was originally removed to federal court on another basis, Lloyd's continues, diversity of citizenship is now an appropriate basis for subject-matter jurisdiction because the claims against the non-diverse defendants have been dismissed. Jefferson responds that the presence of non-diverse defendants at the time of filing is dispositive, and the district court therefore only had supplemental jurisdiction, which it properly declined to exercise.

Two basic principles guide our decision. First, as a general proposition, the dismissal of non-diverse parties may result in diversity jurisdiction, at least in some circumstances. In *Newman-Green, Inc. v. Alfonzo-Larrain*, the Supreme Court approved the practice of dismissing non-diverse defendants under Federal Rule of Civil Procedure 21 and exercising diversity jurisdiction over the controversy that remains.[10] The Court, in *Caterpillar Inc. v. Lewis*,[11] declined to disturb a judgment in a case that was improperly removed to federal court on diversity grounds despite the presence of non-diverse defendants. As the Court later explained in *Grupo Dataflux v. Atlas Global Group, L.P.*,[12] "[t]he postsettlement dismissal of the diversity-destroying defendant" in *Caterpillar* "cured the jurisdictional defect" created by the

---

[9] *Cuevas*, 648 F.3d at 248.

[10] 490 U.S. 826, 830 (1989) (describing Rule 21 dismissal of non-diverse party to preserve original jurisdiction as an "exception[]" to the rule that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed").

[11] 519 U.S. 61, 64 (1996).

[12] 541 U.S. 567 (2004).

presence of the non-diverse party.[13]  In neither *Newman-Green* nor *Caterpillar* did the absence of complete diversity at the time of filing or the time of removal preclude the later exercise of diversity jurisdiction.[14]  Put differently, the absence of complete diversity at the time of commencement of an action can generally be cured—and diversity jurisdiction established—by the dismissal of non-diverse parties.

The plaintiffs argue otherwise, relying on the venerable rule that "the jurisdiction of the court depends upon the state of things at the time of the action brought."[15]  This rule clearly applies, for example, to a party's attempts to create diversity with a post-filing change of citizenship,[16] to the addition of certain non-diverse parties after a suit is brought in federal court,[17] and to post-removal diminutions of the amount in controversy.[18]  But the time-of-filing rule cannot be applied indiscriminately to cases involving the dismissal of parties, as *Newman-Green* and *Caterpillar* indicate.  Here, to be sure, the non-diverse parties were not—as in *Newman-Green*—dismissed pursuant to

---

[13] *Id.* at 573.

[14] *See also Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) ("Even though removal may have been improper due to a lack of diversity jurisdiction at the time of removal, if the defect is later cured before it is noticed, the federal court has subject matter jurisdiction to enter judgment.").

[15] *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539 (1824).

[16] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004).

[17] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam); 15 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 102.16 (3d ed.) ("The addition of a dispensable, non-diverse party who did not have an interest in the original complaint at the time it was filed does not destroy diversity jurisdiction."). *But cf.* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

[18] *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292-93 (1938), for the proposition that "events occurring after removal which reduce amount in controversy do not oust district court's jurisdiction once it has attached"); 15 MOORE, MOORE'S FEDERAL PRACTICE § 102.104 ("Because jurisdiction is determined at the outset of litigation, if the requisite amount in controversy is satisfied at that time subsequent events that reduce the amount below the statutory requirement generally will not divest the court of jurisdiction.").

No. 15-30211

Rule 21, and we are not—as in *Caterpillar*—addressing whether to disturb a final judgment. Those cases establish, however, the broader proposition—followed by courts in a number of different contexts—that the complete diversity of remaining parties to an action generally suffices to secure subject-matter jurisdiction.[19] In the present case, the district court had an alternate basis of subject-matter jurisdiction at each preceding stage of the litigation: the case was properly removed under the Foreign Sovereign Immunities Act once the South African entities were added as parties, and the district court properly exercised supplemental jurisdiction once those entities were dismissed. The dismissal of the claims against the non-diverse defendants

---

[19] *See Baylis v. Marriott Corp.*, 843 F.2d 658, 659, 665 (2d Cir. 1988) (instructing district court on remand that, where case was removed on the basis of federal question jurisdiction but non-diverse defendant was dismissed by entry of summary judgment in its favor, case should be remanded to state court *unless* "plaintiffs properly amend their complaint against [the remaining, diverse defendant] to invoke diversity jurisdiction"); *Wire v. Hussman*, No. 03-C-5389, 2004 WL 723845, at *4 (N.D. Ill. Mar. 31, 2004) (holding district court had subject-matter jurisdiction in diversity case where non-diverse party was dismissed by settlement on ground that "this court sees no reason why the principle allowing a court to cure the absence of complete diversity by dismissal should be limited exclusively to dismissals pursuant to Rule 21"); *Philan Ins. Ltd. v. Frank B. Hall & Co.*, 786 F. Supp. 345, 348 (S.D.N.Y. 1992) (citing *Baylis*, 843 F.2d at 658, for the proposition that "diversity should be examined in light of the prior dismissals in this case and, if complete diversity now exists," the remaining state claims should not be dismissed for lack of subject-matter jurisdiction); *cf. Upton v. BNFL, Inc.*, No. 15-5751, 2016 WL 1612782, at *4 (6th Cir. Apr. 22, 2016) (describing with approval a district court's remand of claims to state court after the United States was dismissed as a party because "diversity did not exist between the remaining parties"); *Franklin v. Zain*, 152 F.3d 783, 786 n.2 (8th Cir. 1998) (noting, in federal question case where non-diverse parties were dismissed, "[t]here may have been complete diversity of citizenship once the state defendants had been dismissed," but the plaintiff "did not allege diversity jurisdiction in either the complaint or the amended complaint or in her brief on appeal"); *Mabry v. Fluor Corp.*, No. Civ.A.10-1006, 2010 WL 2292251, at *2 (E.D. La. June 3, 2010) (remanding to state court where defendant claimed settlement with non-diverse parties had created diversity but district court concluded the non-diverse defendants "have not actually been dismissed from the lawsuit"); *Metro Furniture Rental, Inc. v. Alessi*, 770 F. Supp. 198, 202 (S.D.N.Y. 1991) (holding that "[p]laintiff's federal claim having been dismissed *and there being no basis for diversity jurisdiction over the remaining claims* of plaintiff, retaining jurisdiction over this action would be inappropriate" (emphasis added)).

## No. 15-30211

"converted" the "less-than-complete diversity which had subsisted throughout the action . . . to complete diversity."[20]

The second principle is that "the propriety of the district court's remand order is judged at the time of that order, not the time of the original removal."[21] At least twice, we have applied this rule to support the exercise of subject-matter jurisdiction on grounds other than those upon which removal was based.[22]

We have recently applied this maxim to vacate a remand order based on a ground for subject-matter jurisdiction that only arose *after* the case was removed to federal court. In *Firefighters' Retirement System v. Citco Group Ltd.*, a case properly removed to federal court based on a related Chapter 11 bankruptcy filing, the district court permissively abstained from exercising jurisdiction and equitably remanded the case to state court.[23] On appeal, we addressed whether the district court had the discretion to remand in light of the post-removal filing of a Chapter 15 bankruptcy.[24] After interpreting the relevant statute to preclude equitable remand of cases related to Chapter 15 bankruptcies, we applied the rule that "[o]nce the district court has assumed jurisdiction over a properly removed case . . . [t]he district court's authority to remand the case to state court depends on the nature of the district court's

---

[20] *Grupo Dataflux*, 541 U.S. at 573.

[21] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 528 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 896 (2016).

[22] *See Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 250-51 (5th Cir. 2011) (vacating remand order where case was removed on the basis of federal question jurisdiction, but diversity jurisdiction was also present because non-diverse party was improperly joined); *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993) (vacating remand order because claims against FDIC raised federal question, even though FDIC failed to timely assert that ground for removal; removal was effected by another party on separate jurisdictional grounds).

[23] 796 F.3d at 523-24.

[24] *Id.* at 523 (noting case was removed to federal court in June 2013 and Chapter 15 petitions were filed in January 2014).

jurisdiction over the claims that comprise the case *at the time of the remand.*"[25] We therefore vacated the remand order, concluding that although the Chapter 15 filing occurred *after* removal to federal court, the propriety of the district court's remand order is judged in this context at the time of remand, not the time of removal.[26]    Similarly, in *Sigmon v. Southwest Airlines Co.*, we concluded that even if a case had been improvidently removed to federal court, the district court "acquired jurisdiction, if it did not already exist, when the plaintiffs amended their federal complaint to include an implied cause of action under federal law."[27]

These principles, taken together, resolve the legal question at the center of this case.  Dismissals of non-diverse parties allow for the exercise of diversity jurisdiction, and the propriety of remand in a properly removed case is judged on the basis of the district court's jurisdiction over the claims remaining at the time of remand, not the time of removal.  We thus conclude that the district court had no discretion to remand this case if the remaining parties were diverse at the time of removal.[28]

## IV

We turn to the question of whether the remaining parties are in fact diverse.  Due to the posture of this case, that is no simple matter: the case was removed by one of the South African entities under the Foreign Sovereign Immunities Act (which does not depend, of course, on the parties' citizenship), and the district court remanded the plaintiffs' claims against Lloyd's without ordering briefing on the matter.  The record is thus incomplete in material

---

[25] *Id.* at 528 (second and third alterations in original) (quoting *Cuevas*, 648 F.3d at 248).

[26] *Id.*

[27] 110 F.3d 1200, 1202-03 (5th Cir. 1997).

[28] Plaintiffs do not appear to dispute that the amount-in-controversy requirement is met.

respects. In particular, while the record suggests that the plaintiffs may be citizens of Louisiana, Texas, or Wisconsin, the citizenship of Lloyd's remains unclear. Lloyd's is a citizen of every state in which it has been incorporated or has its principal place of business.[29] It is also, by virtue of 28 U.S.C. § 1332, a citizen of every state in which its alleged insured, Lykes Bros. Steamship Co. (Lykes), is a citizen.[30] Although the district court's remand order stated that "the remaining parties in the matter are not diverse," we are unable to ascertain the basis for the court's conclusion in that regard.

On appeal, Lloyd's avers that Lykes "was not a citizen of Louisiana, Texas, or Wisconsin" at the relevant time. In support of this conclusion, it states Lykes moved its headquarters from Louisiana to Florida sometime prior to 1995 and that a bankruptcy court confirmed the sale of Lykes to a limited liability company in 1997. That limited liability company, it says, was an indirect subsidiary of a conglomerate that included another company that was in turn bought by a company "headquartered in Germany" that was merged with a different German company in 2005.

The factual material offered by Lloyd's does not suffice to establish whether Lloyd's and the plaintiffs were diverse at the time of removal.[31] First, the series of events described by Lloyd's ends in 2005, some five years before the case was removed, and is not accompanied by any argumentation connecting those events to Lloyd's state(s) of citizenship. Second, we must decline to take judicial notice of the post-bankruptcy history of Lykes recounted by Lloyd's in its brief.[32] Mostly drawn from a 2005 press release, these facts

---

[29] 28 U.S.C. § 1332(c)(1)(B)-(C).

[30] *Id.* § 1332(c)(1)(A).

[31] *See Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (noting the "long-established general rule" that "jurisdictional facts are determined at the time of removal").

[32] *See* FED. R. EVID. 201(b), (d).

are not "generally known within the trial court's territorial jurisdiction" and cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[33] The request that we take judicial notice of 1997 bankruptcy proceedings confirming the sale of Lykes to a limited liability company is less problematic,[34] but those proceedings do little to establish Lykes's citizenship at the time the action was removed.

It is, of course, the obligation of the party seeking the federal forum to establish subject-matter jurisdiction.[35] Here, however, Lloyd's—the party opposing remand—did not have an opportunity to be heard on the matter before the district court concluded that the remaining parties are not diverse. Because the citizenship of Lloyd's is not clearly established by the record, we vacate the district court's remand order and remand to the district court for further proceedings to determine whether it has diversity jurisdiction over the remaining claims.[36]

\* \* \*

---

[33] FED R. EVID. 201(b); *see Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003) (concluding that a report "essentially" created by the defendants was an improper object of judicial notice).

[34] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (concluding that a court may take notice of another court's judicial acts).

[35] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

[36] *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (noting that the district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when its subject-matter jurisdiction is in doubt (quoting *Morris v. U.S. Dep't of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982))); *Ellison Steel, Inc. v. Greystar Const. LP*, 199 F. App'x 324, 327-28 (5th Cir. 2006) (per curiam) (remanding for proceedings to ascertain citizenship of party for purposes of determining subject-matter jurisdiction); 13E CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2009) ("When jurisdiction is challenged on a factual basis, the judge is free to look at a wide range of evidence relevant to the question drawn from outside the pleadings. These sources may include affidavits prepared by the parties or third persons, depositions, and testimony, various types of documents, and other types of available extra-pleading material, or the district court may choose to conduct a limited evidentiary hearing, in determining whether it may proceed with the action or must dismiss . . . for lack of subject matter jurisdiction." (footnotes omitted)).

No. 15-30211

For the foregoing reasons, we VACATE the order of the district court and REMAND this case to the district court for further proceedings consistent with this opinion.