# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10139
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

CHARLIE WILSON, as executor of the Estate of Debra Wilson, substituted in place and stead of Debra Wilson, deceased,

Plaintiff - Appellant

v.

DALLAS COUNTY HOSPITAL DISTRICT, doing business as Parkland Health & Hospital System; JOHN DOES,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3942

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Charlie Wilson, surviving spouse of Plaintiff Debra Wilson, appeals the district court's grant of the Defendant-Appellee's motion to dismiss and the denial of his motion for new trial.[1]   We AFFIRM the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This Court previously granted the unopposed motion for leave to substitute Charlie Wilson, who is executor of his wife's estate, as Appellant in the instant appeal.

17-10357

judgment dismissing the federal claims for failure to state a claim and AFFIRM as MODIFIED the order denying the motion for new trial.

I.    FACTUAL AND PROCEDURAL HISTORY

In November 2007, Plaintiff Debra Wilson ("Wilson") underwent a heart catheterization procedure performed at Defendant-Appellee Parkland Health & Hospital System ("Parkland"). Plaintiff-Appellant contends that during this procedure the hospital staff negligently left a piece of a plastic catheter in Wilson's body. Appellant claims that although Wilson received multiple treatments (including x-rays) at Parkland over the next seven years, Parkland deliberately withheld and concealed this information from her.

In August 2014, Wilson sought care from the emergency room at Parkland, and a CT angiography revealed the calcified catheter fragment extended from her thoracic aorta to her abdominal aorta. Subsequently, Wilson was advised of this discovery.

In August 2015, Wilson brought suit in state court against Parkland and Dr. John Doe, alleging, among other things, negligence, lack of informed consent, and fraudulent nondisclosure. Parkland responded by filing a plea to the jurisdiction and motion for summary judgment. Wilson amended her suit to add claims under federal law, including violation of a constitutional right to bodily privacy/right against bodily intrusion, cover-up of violation of federal constitutional rights, conspiracy to violate federal constitutional rights, and an alternative claim for unconstitutional taking pursuant to the Fifth Amendment.

Parkland filed a notice of removal of the case to the Northern District of Texas. Shortly thereafter, Parkland filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In response, Wilson amended her complaint. Parkland filed a second motion to dismiss for

failure to state a claim. The parties consented to proceed before a magistrate judge.

The magistrate judge issued an opinion dismissing Wilson's federal claims for failure to state a claim. The opinion also declined to exercise supplemental jurisdiction over the state law claims, and thus, the state law claims were remanded to state court. Subsequently, Wilson passed away.

Pursuant to Federal Rule of Civil Procedure 59, Charlie Wilson filed a motion for new trial and, in the alternative, for leave to allow him to amend the complaint. The magistrate judge denied this motion, stating that "it lacked subject matter jurisdiction because Plaintiff's federal claims did not survive Parkland's motion to dismiss; the basis of the Court's jurisdiction under section 1331. This Court no longer has jurisdiction in this matter. Therefore, the Court is without the requisite authority to grant Plaintiff leave to file an amended complaint." Opinion at 4. The magistrate judge also quoted the following language from *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir. 1984): "The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court." *Id.*[2] Wilson now appeals.

II.    ANALYSIS

A. Appellate Jurisdiction

Parkland asserts that although this Court has jurisdiction to review the magistrate judge's order dismissing Wilson's federal claims, we do not have jurisdiction to review either the magistrate judge's (1) denial of Wilson's Rule 59 motion or (2) the remand order because it was "premised on [a] lack of subject matter jurisdiction." Brief at p.23 & Statement of Jurisdiction.

---

[2] The magistrate judge denied as moot the unopposed Notice of Suggestion of Death and the Unopposed Motion for Leave to Substitute Plaintiff.

17-10357

As previously set forth, in its remand order, the magistrate judge expressly stated that it declined to exercise supplemental jurisdiction over Wilson's remaining state law claims.  This Court has explained that it "has jurisdiction to review a remand order unless the case was remanded for lack of subject matter jurisdiction or there was a defect in the removal procedure. *Camsoft Data Systems, Inc. v. S. Elec. Supply, Inc.,* 756 F.3d 327, 332 (5th Cir. 2014) (citing 28 U.S.C. §§ 1447(c), (d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 637 (2009)).  When a district court declines to exercise supplemental jurisdiction over state law claims, that "decision is not jurisdictional."  *Id.* Indeed, this Court has "consistently exercised appellate jurisdiction to review remand orders in which 'the district court declined to exercise supplemental jurisdiction after first concluding it lacked original subject matter jurisdiction [over the state law claims].'"  *Jefferson v. Certain Underwriters at Lloyd's London,* 658 F. App'x 738, 740 (5th Cir. 2016) (quoting *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 846 (5th Cir. 2014)).  Thus, contrary to Parkland's assertions otherwise, this Court has jurisdiction to review the magistrate judge's orders.

### B. Dismissal of Federal Claims

We review de novo a district court's grant or denial of a Rule 12(b)(6) motion, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Wilson contends that without adequate discovery, he could not know the specific facts needed to survive the motion to dismiss for failure to state a claim.  Blue brief at 18.  We have explained that discovery is not needed to dispose of a Rule 12(b)(6) motion because those motions "are decided on the face of the complaint." *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir. 1990).  Wilson also contends that the magistrate judge improperly applied a higher standard than what this Court requires to survive a Rule 12(b)(6) motion.  Here, the magistrate judge cited and applied the correct standard under Rule 12(b)(6). *See* opinion at p. 4 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  Even if the incorrect standard had been applied, we review this claim *de novo.*

In order to plead a section 1983 claim, Wilson was required to allege facts demonstrating that (1) the defendant violated the Constitution or federal law and (2) that the defendant was acting under color of state law while doing so. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005), *abrogated on other grounds by Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015).  Wilson complains that the magistrate judge failed to acknowledge the full extent of the pleadings which incorporated by reference a "news article outlining a pattern of neglect and deception on the part of the [Parkland]."  Blue brief at 18.  Wilson contends that the complaint and the investigative newspaper article established multiple instances of negligence and cover-up on the part of Parkland.  Even assuming *arguendo* that the complaint sufficiently raised allegations that Parkland had a custom or policy of committing medical errors, alleging negligence is not enough.  As stated above, Wilson must allege facts demonstrating Parkland violated the

Constitution or federal law.  Allegations of medical negligence do not rise to the level of a due process claim. *Kinzie v. Dallas Cnty. Hosp. Dist.,* 106 F. App'x 192, 194 (5th Cir. 2003).  Further, Wilson was not in the custody of the state, and thus, had no "special relationship" with the state sufficient to establish a constitutional right to medical care. *Id.* at 195. (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 197-200 (1989)).  In sum, because the allegations in Wilson's complaint do not rise to the level of a constitutional claim, all the federal claims fall by their own weight.  Accordingly, we conclude that the magistrate judge properly dismissed Wilson's federal claims pursuant to Rule 12(b)(6).

### C. Rule 59 Motion

#### 1. Magistrate Judge's Jurisdiction

Wilson contends that the magistrate judge erred in finding that it lacked jurisdiction to address the merits of his Rule 59 motion for new trial.  We agree.

After the magistrate judge remanded the state claims, Wilson filed a Rule 59 motion for new trial or, in the alternative, for leave to allow him to amend the complaint.  The magistrate judge held that because it had already remanded the state law claims to state court, it was divested of jurisdiction over the case.  The magistrate judge therefore ruled that it did not have jurisdiction to rule on Wilson's Rule 59 motion.

Although this Court has precedent holding that a district court is divested of jurisdiction once the remand order is sent to the clerk of the state court, those cases involved orders remanding based on a lack of subject matter jurisdiction. *In re Shell Oil Co.,* 932 F.2d 1523, 1528 (5th Cir. 1991) (citing *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir. 1984); *New Orleans Public Serv., Inc. v. Majoue,* 802 F.2d 166 (5th Cir. 1986)).  Remand orders based on a lack of subject matter jurisdiction are not reviewable. *Id.*  However, as

explained above, in the instant case, the remand order is not jurisdictional and is thus reviewable. "It is clear that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *Id.* (quoting *In re Shell Oil Co.,* 631 F.2d 1156, 1158 (5th Cir. 1980)).   Accordingly, the magistrate judge erroneously held that it had no jurisdiction to rule on Wilson's Rule 59 motion.

### 2.  Merits of Rule 59 motion

Because the magistrate judge held that it had no jurisdiction, it did not address the merits of the arguments in the Rule 59 motion.  In the interests of judicial economy and because we find a remand would be futile, we address the motion in the first instance.  *Cf. McKinney v. Irving Indep. School Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (explaining that remanding the case to allow another amendment would simply prolong the inevitable).

In the Rule 59 motion, Wilson requested a new hearing or, in the alternative, leave to amend the complaint.  We quickly dispense with the request for a new hearing.  This case was resolved on the face of the complaint under Rule 12(b)(6).  No hearing was necessary.

With respect to the request for leave to amend the complaint, Wilson contends the court should have granted leave to amend the complaint as a matter "of course."  Wilson is mistaken.  Federal Rule of Civil Procedure 15(a)(1) provides that: "A party may amend its pleading *once* as a matter of course within [certain parameters]."  (emphasis added).  Here, Wilson had already amended the complaint in federal district court prior to the order of dismissal.

In the brief on appeal, Wilson asserts that this is a case of deliberate indifference—not just negligence.  Wilson apparently seeks leave to add a claim of deliberate indifference.  However, in the motion seeking leave to

7

amend, Wilson never claimed deliberate indifference.  In any event, as explained above, Wilson did not have a "special relationship" with the state sufficient to establish a constitutional right to medical care.  *Kinzie,* 106 F. App'x at 195.  Thus, Wilson is precluded from showing a claim of deliberate indifference.

Finally, Wilson seeks to add a claim of wrongful death based on Debra Wilson's death, which occurred after the dismissal order but before the Rule 59 motion.  However, the wrongful death claim is likewise premised upon the medical care (or lack thereof) that Wilson received.  Again, under the circumstances of this case, Wilson, who was not in the custody of the state, is precluded from establishing a constitutional right to medical care.  In sum, although the magistrate judge improperly denied the Rule 59 motion based on lack of jurisdiction, we conclude in the first instance that the Rule 59 motion is denied on the merits of the claims.

III.    CONCLUSION

For the above reasons, we AFFIRM the district court's judgment dismissing the complaint for failure to state a claim pursuant to Rule 12(b)(6).  We AFFIRM as MODIFIED the district court's order denying the Rule 59 motion.