# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2012

No. 11-10379

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, ex rel. Michael J. DeKort;
MICHAEL J. DEKORT, Individually,

Plaintiff-Appellant

v.

INTEGRATED COAST GUARD SYSTEMS, A Joint Venture Partner;
NORTHROP GRUMMAN, A Joint Venture Partner,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1792

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Michael J. DeKort, appeals the district court's grant of summary judgment in favor of defendants-appellees, Integrated Coast Guard Systems ("ICGS") and Northrop Grumman. After reviewing the record and studying the briefs, we AFFIRM the final judgment of the district court for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10379

essentially the same reasons given by the district court in its Memorandum Opinion and Order of October 27, 2010.

DeKort also appeals the district court's denial of (1) his motion to reconsider the grant of summary judgment; (2) his motion for partial summary judgment; and (3) his motion for leave to file a sixth amended complaint.

We conclude that the district court did not abuse its discretion in denying DeKort's motion to reconsider without considering the additional evidence that DeKort submitted, because the evidence—a declaration by H. Clayton Foushee— contained no information that was unavailable before the entry of judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 477, 479 (5th Cir. 2004); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint. *See Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990); *see also Corey Airport Servs., Inc. v. Decosta*, 587 F.3d 1280, 1282 n.2 (11th Cir. 2009) ("[Plaintiff] cannot amend its complaint by adding a new claim beyond its summary judgment papers . . . ."); *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints . . . . This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage. . . . At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).").

After reviewing the record and studying the briefs, we also see no error in the district court's decision to deny DeKort's motion for leave to file a sixth amended complaint.

Finally, we deny as moot ICGS and Northrop Grumman's September 30, 2011 motion to take judicial notice.

No. 11-10379

Therefore, we AFFIRM the judgment of the district court.