# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2021

Lyle W. Cayce
Clerk

No. 20-40723
Summary Calendar

CHERYL PITTMAN,

*Plaintiff—Appellant*,

*versus*

U.S. BANK NA, *Successor Trustee to Bank of America, NA Successor in Interest to LaSalle Bank, N.A., on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE-5, Asset-Backed Certificates, Series 2006-HE5*; SELECT PORTFOLIO SERVICING, INCORPORATED,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-397

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Cheryl Pittman challenges summary judgment in favor of US Bank NA and Select Portfolio Servicing, Incorporated ("SPS") (collectively "the Defendants"). We affirm.

## I

In February 2006, Pittman obtained a nearly $500,000 mortgage on a home in Fairview, Texas ("the Property"). She would eventually default, failing to make at least one mortgage payment every year from 2009 to 2019. US Bank asserts it is the current owner and holder of the deed of trust which secures the mortgage.[1] SPS is a loan servicer engaged by US Bank. On several occasions, SPS sent Pittman statements of arrearages with instructions for payment. In November 2018, SPS mailed Pittman a notice of acceleration of the mortgage and notice of an impending foreclosure sale. That sale was conducted a month later, and the Property was purchased by US Bank. US Bank would go on to obtain a writ of possession, resulting in Pittman's eviction from the Property in July 2019.

Shortly before that, in May 2019, Pittman sued the Defendants in Texas state court. The case was removed on diversity grounds. After removal, Pittman filed an amended complaint. In the amended complaint, she "challeng[ed] a number of aspects of the foreclosure process"—contending the Defendants had violated multiple state and federal statutes, engaged in a fraudulent real estate filing, and breached the mortgage contract—and sought to quiet title in her favor. The Defendants moved for summary judgment and the district court, adopting the magistrate judge's recommendation, granted the motion, rejecting all of Pittman's claims.

---

[1] US Bank is the successor-in-interest to the originator of the mortgage, Sunset Mortgage Company, LP.

No. 20-40723

Pittman now appeals. "We review [a] district court's grant of summary judgment de novo and apply the same standard as the district court." *Martinez v. Texas Workforce Comm'n-C.R. Div.*, 775 F.3d 685, 687 (5th Cir. 2014).

## II

On appeal, Pittman renews her multifaceted attack on the validity of the foreclosure. She argues that the trustee who oversaw the foreclosure sale was not properly appointed, that evidence offered by the Defendants was improperly considered, and that the Defendants lacked authorization to foreclose. None of these arguments has merit.

Pittman first argues that Francesca Ortolani, who conducted the foreclosure sale, was "not a properly appointed substitute trustee" and that such an appointment is a prerequisite to a legal foreclosure.[2] The district court correctly rejected this argument because it was raised for the first time during summary judgment briefing. As the court explained, the relevant portions of Pittman's complaint "focuse[d] on SPS's alleged lack of authority to enforce the Deed of Trust, not whether the individual who conducted the foreclosure sale . . . was a [properly appointed] substitute trustee." Our precedent precludes a plaintiff from advancing a new claim or reframing a previously presented one in response to a motion for summary judgment. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *see also, e.g., U.S. ex rel. DeKort v. Integrated Coast Guard*

---

[2] *See* TEX. PROP. CODE § 51.0075 (outlining the authority of trustees and substitute trustees).

*Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) (per curiam) (affirming district court's refusal to consider such a claim).

Pittman next contests the district court's overruling her objections to Defendants' summary judgment evidence. Most notably, the Defendants proffered several declarations establishing that US Bank was the current holder of Pittman's mortgage. Pittman objected, claiming those declarations were inadmissible hearsay. In overruling this objection, the district court explained that the Defendants had "elaborate[ed] on how the disputed statements [we]re admissible" and that Pittman had "provided no argument or illustration to the contrary." The court was correct. The challenged declarations addressed matters within the declarants' personal knowledge and were accompanied by "true and correct copies" of relevant mortgage documents, including the note itself, the deed of trust, and documents reflecting assignments of the same, which qualify as business records. Both declarations based on personal knowledge and business records are competent summary judgment evidence upon which a district court may properly rely. Fed. R. Civ. P. 56(c)(1); *see Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011); *see also Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam); *Carson v. Perry*, 91 F.3d 138 (5th Cir. 1996) (per curiam).

Finally, Pittman advances several arguments challenging the Defendants' authority to foreclose. This lack of authority, she contends, renders the foreclosure unlawful and underlies her various statutory claims of fraud and her request to quiet title. The district court correctly rejected her contention that the Defendants lacked authority to foreclose, pointing to our decision in *Martins v. BAC Home Loans Servicing, L.P.*, where we confirmed that Texas law permits foreclosure by a party to whom a "mortgage has been properly assigned." 722 F.3d 249, 255 (5th Cir. 2013). As the district court recounted, the record contains "unrebutted" evidence

No. 20-40723

establishing that US Bank is the successor-in-interest to the originator of Pittman's mortgage and, further, that SPS was the mortgage servicer engaged by US Bank to handle its collection efforts. *Martin* controls, and the Defendants therefore had authority under Texas law to foreclose and to undertake actions associated with that foreclosure.

AFFIRMED.